## CLAXTON, executor, *v.* LOVETT.

1. In an action against two defendants on a promissory note, in which one of them pleaded that she was a married woman, and that her undertaking was that of a surety for her husband's debt, and also that the note was signed under duress, brought about by the conduct of her codefendant, it was necessary, to maintain the defense, that evidence should be adduced establishing the marriage relation between the defendants, and also that the acts constituting the duress were committed by the codefendant.

2. The evidence in the present case did not disclose, with sufficient certainty, either that the defendants were married, or that the duress was brought about by the codefendant.

Argued June 4,—Decided August 15, 1907.

Complaint. Before Judge Rawlings. Johnson superior court. September 20, 1906.

L. J. Claxton, as executor of the estate of W. G. Sammons, deceased, brought suit against Mrs. Lizzie Lovett, as principal, and R. T. Lovett, as security, on a promissory note, for stated amounts of principal, interest, and attorney's fees. Mrs. Lovett filed an answer, denying the indebtedness, and alleging that she was not the principal on the note, but that her husband, R. T. Lovett, was the principal, and she was security, and that none of the amount so borrowed was ever received by her or used by her in any way whatever; and also alleging that she signed the notes as security under duress. On the trial Mrs. Lovett testified that she

"never got any money from Mr. G. W. Sammons." Hershal Lovett testified that he had heard "Papa" tell Mr. Sammons that if he could get one thousand dollars he thought he could pull through, and his papa told him that he had loaned it to him; that he heard Papa tell Mama he wanted her to come into the room and sign the note he was going to give Mr. Sammons; that he did not see his mother sign the note, and could not swear that the note in evidence was the note his father had reference to. Lou Anna Lovett testified, that she did not see this thousand-dollar transaction; that she heard her father and mother discussing it; that about two or three days before the signing of the paper her father came home drinking, and came into the room where her mother was, and told her that he wanted her to sign the paper so that he could get a thousand dollars to help out in the mercantile business; that she did not want to sign it, and he used an oath and told her she would sign it; and that about that time he got mad with her mother and drew out his pistol; that he first choked her, and she told him that if he did not stop she would call Hershal; and that she did call Hershal, and her father went out of the room. The jury returned a verdict in favor of the defendant. The plaintiff made a motion for a new trial, which was overruled, and the plaintiff excepted.

*J. L. Kent* and *Hines & Jordan,* for plaintiff.

*William Faircloth* and *Walter R. Daley,* for defendant.

Cobb, P. J. The record discloses a suit on a promissory note, signed by two persons bearing the same surname. It is indicated, by the petition, that the principal is a married woman. From her answer it appears that she is a married woman, and that the apparent surety is her husband. Her defense is that she is not the principal, but really the surety, and that the debt was the obligation of her husband; and, in addition to this, that she signed the paper under duress brought about by the conduct of her husband. At the trial she testified that she had received none of the money which was the consideration of the note. She did not testify that her codefendant was her husband, or even that she was a married woman. Two witnesses are introduced, who bear the same surname as that of the defendant. They each testify to transactions in reference to a note or debt between persons who are described as "Papa" and "Mama" and "Father"

and "Mother;" but there is absolutely not a word in the testimony of either of the witnesses which shows that the persons referred to in the testimony in the manner above indicated are the defendants in the case or in any way connected therewith. The only thing to connect the transactions referred to in the testimony with the transactions mentioned in the pleading is the fact that the defendants and the witnesses all bear the same surname. In order for Mrs. Lovett to sustain her defense it was absolutely necessary that she should establish by evidence that she was a married woman; that R. T. Lovett, her codefendant, was her husband, or that her codefendant, R. T. Lovett, committed the acts which constituted the duress which brought about the signing of the note. The evidence entirely failing to connect the transactions therein referred to with the transactions mentioned in the pleading, we have no alternative but to reverse the judgment refusing to grant a new trial.      *Judgment reversed. All the Justices concur.*